IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-16-237-D |
| JOHN ARNOLD SHELLEY, | ) | |
| Defendant. | ) | |

# **ORDER**

On April 5, 2017, Defendant filed his Second Motion for Extension of Time [Doc. No. 17] in which he sought an order extending the time within which to file pretrial motions and continuing the jury trial. In his motion, Defendant noted that the government had produced over 165,000 pages of additional discovery, and that given the volume and the format of the production, a thorough review was not possible in order to meet the present pretrial motion deadline or trial date. On April 13, 2017, the Court granted Defendant's motion [Doc. No. 19]. The extension was granted, in part, under the belief the parties were in agreement. However, the government subsequently filed a response where it objected to the extension of the pretrial motion deadline. The government contends that without timely resolution of pretrial motions, further delay of the trial date is nearly inevitable.[1] Accordingly, it

---

[1] The government does not oppose Defendant's request to continue the trial date.

moves that the Court modify its prior Order to set a pretrial motion deadline of May 12, 2017. Defendant objects and asks the Court to maintain the current deadline.

After carefully reviewing the government's objection and Defendant's reply, the Court remains persuaded that the interests of justice are best served in this case by adhering to the amended schedule. The Court recognizes the efforts by counsel to enable this case to go to trial on the Court's original schedule. Nonetheless, in the end, in a case of this complexity, the Court believes that an amended pretrial motion deadline of May 12, 2017 would ignore the more fundamental concern of allowing Defendant a full and fair opportunity to conduct discovery and prepare an adequate defense.

The parties agree that motions for continuance are addressed to the sound discretion of the Court. *United States v. Rivas-Macias*, 537 F.3d 1271, 1281 (10th Cir. 2008) (citing *United States v. Flanders*, 491 F.3d 1197, 1216 (10th Cir. 2007)). The parties also agree that the Court should look to a number of factors in exercising its discretion, including (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose of the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; and (4) the need asserted for the continuance and the harm that the moving party might suffer as a result of the court's denial of the continuance. *United States v. West*, 828 F.2d 1468,

1470 (10th Cir. 1987).[2] In this regard, The Tenth Circuit has identified the following factors as relevant in deciding whether defense counsel had sufficient time to effectively represent his client: (1) the time afforded for investigation and preparation; (2) the experience of counsel; (3) the gravity of the charge; (4) the complexity of possible defenses; and (5) the accessibility of witnesses to counsel. *United States v. Golub*, 694 F.2d 207, 215 (10th Cir. 1982).

On balance, the aforementioned factors weigh in Defendant's favor. The parties' dispute centers around discovery submitted to certain subparts or "roles" of the Federal Deposit Insurance Company (FDIC), namely the FDIC Division of Risk Management, the FDIC itself in its role as Receiver, and the FDIC Office of Inspector General. It is anticipated that, in addition to the hundreds of thousands of documents already produced, the FDIC's responses will result in tens of thousands of additional pages of discovery. The record reflects that counsel for Defendant has approached trial preparation diligently and reasonably. Given the volume of documents already produced in this case, it is likely that upon receipt of the documents (whose content remains unknown), the continuance will accomplish the purpose of allowing Defendant adequate time for investigation and preparation. The

---

[2]The fourth factor – the defendant's need for a continuance and the prejudice resulting from its denial – is "by far the most important factor to consider." *United States v. Rivera*, 900 F.2d 1462, 1475 (10th Cir. 1990) (quoting *West*, 828 F.2d at 1471).

Court finds the government has not articulated any legal prejudice that the Court finds persuasive. Notably, it has not demonstrated that the present pretrial motion deadline would deprive it of the opportunity or ability to present its case by virtue of evidence or witnesses that may become unavailable. Consequently, the Court finds that, under the present circumstances, Defendant would be significantly harmed if a continuance of the pretrial deadline, as amended, were not allowed.

Accordingly, the government's Response in Opposition to Defendant's Second Motion for Extension of Time is **OVERRULED** as set forth herein. The pretrial motion deadline of July 14, 2017 shall remain as scheduled.

**IT IS SO ORDERED** this **2nd** day of May 2017.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE